BROWNE GEORGE ROSS LLP
Pete Wilson (State Bar No. 35742)
  pwilson@bgrfirm.com
Eric M. George (State Bar No. 166403)
  egeorge@bgrfirm.com
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697

BROWNE GEORGE ROSS LLP
Peter Obstler (State Bar No. 171623)
  pobstler@bgrfirm.com
David S. Wakukawa (State Bar No. 262546)
  dwakukawa@bgrfirm.com
101 California Street, Suite 1225
San Francisco, California 94111
Telephone: (415) 391-7100
Facsimile: (415) 391-7198

Attorneys for Plaintiff PRAGER UNIVERSITY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PRAGER UNIVERSITY,<br><br>            Plaintiff,<br><br>      vs.<br><br>GOOGLE LLC, a Delaware limited liability company, YOUTUBE, LLC, a Delaware limited liability company, and DOES 1-25,<br><br>            Defendants. | Case No. 5:17-cv-06064-LHK<br><br>**REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE**<br><br>Judge:   Hon. Lucy H. Koh<br>Date:    March 15, 2018<br>Time:    1:30 p.m.<br>Crtrm.:  8, Fourth Floor<br>         Robert F. Peckham Federal Courthouse<br>         280 S. First Street<br>         San Jose, CA 95113<br><br>Trial Date: None Set |

1  Plaintiff respectfully submits this Reply in response to Defendants Google LLC and
2  YouTube, LLC's ("Defendants") Opposition to Plaintiff's Request for Judicial Notice (Dkt. #40)
3  ("RJN Opp."), filed on February 23, 2018.

### RESPONSE TO DEFENDANTS' OPPOSITION TO RJN

Defendants object to PragerU's Request for Judicial Notice (DKT #35) on the grounds that the complaint filed by James Damore and David Gudeman (the "*Damore* complaint"), including exhibits containing e-mails and internal message board posts by Google employees, is: (i) irrelevant because the emails have no connection to YouTube (RJN Opp. 1:5-8); and (ii) contains allegations the truth of which cannot be judicially noticed (RJN Opp. 1:9-24). PragerU respectfully disagrees because, absent a claim that such communications are not authentic, they are statements and admissions made by Defendants' employees relevant to the workplace bias and culture in which Google/YouTube employees operate, including those employees who manually review videos for compliance with Community Guidelines and other purportedly viewpoint-neutral content restrictions.

As to Defendants' corporate form argument, Google is a named defendant in this case, Google Policies are incorporated into YouTube's policies, and Google is alleged to participate with YouTube in regulating and restricting speech on the YouTube platform. Compl. ¶¶ 18-19, 35; Willen Dec. iso MTD Ex. 1 (Dkt #32-1). Just as its policies are expressly incorporated into YouTube's Terms of Use, its management and culture influence YouTube's employees, including its CEO who is a former Google executive. Defendants are free to submit evidence showing that employees at YouTube are not influenced, controlled by, or subject to Google's culture that permeates Defendants' operations, as evidenced by those emails and internal communications. At best, the argument goes to the weight accorded to such matters, not whether they should be judicially noticed.

Defendants' other contention that PragerU's Request for Judicial Notice asks this Court to take notice of the truth of unproven allegations in the *Damore* complaint is misplaced. While Defendants are correct that the allegations in the *Damore* complaint itself are unproven and cannot be taken as true, Plaintiff is asking only that this Court take notice of the attached messages and

1  emails by Google employees that are attached as exhibits to and referenced in the *Damore*
2  Complaint.  MTD Opp. at 4:25-5:3.  Those are party admissions that are directly relevant to the
3  issue of viewpoint discrimination, which Defendants put in issue by arguing that Plaintiff has not
4  sufficiently alleged intentional discrimination.  *See 5-Star Mgmt. v. Rogers*, 940 F.Supp. 512, 518-
5  19 (E.D.N.Y. 1996) (taking judicial notice of party admission in other lawsuit on central issue in
6  motion to dismiss); *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 454 F.Supp.2d 966
7  (C.D. Cal. 2006) (company employee statements are party admissions); Defendants' Notice of
8  Motion and Motion to Dismiss, Dkt. #31, 5:18-19; 6:2-3; 6:17-18.  And, even if the Court declines
9  to consider such matters in connection with Defendants' Motion to Dismiss, Plaintiff requests that
10 this Court consider them when ruling on Plaintiff's Motion for Preliminary Injunction.  *E.g.*,
11 *Prepaid Teleconnect, Inc. v. City of Murrieta*, 2016 WL 1622609, *3 (C.D. Cal. April 21, 2016)
12 (considering party admissions in ruling on preliminary injunction motion); *F.T.C. v. John Beck*
13 *Amazing Profits LLC*, 2009 WL 7844076, *1 (C.D. Cal. Nov. 17, 2009) (same).
14      Finally, as PragerU explained in its Opposition to Defendants' Motion to Dismiss, the
15 Court can consider the emails in determining whether to grant PragerU leave to amend the
16 Complaint.  MTD Opp. 5 n.1.  Thus, even if the Court accepts Defendants' pleading argument that
17 the Complaint has not sufficiently alleged intentional discrimination, Plaintiff submits that this
18 Court may consider such matters in determining whether to grant leave to amend or, for efficiency
19 purposes, consider them as proposed amendments to the Complaint that respond to and negate
20 Defendants' assertion that there is no evidence of animus or discrimination in its algorithms,
21 workplace, or culture.

## CONCLUSION

23      For the reasons set forth above, as well as those stated in Plaintiff's Request for Judicial
24 Notice, Plaintiff respectfully Requests that the Court take judicial notice of Defendants'
25 admissions referenced in and attached to the *Damore* Complaint.  In the alternative, PragerU
26 / / /
27 / / /
28 / / /

respectfully requests that the Court consider them in conjunction with PragerU's Complaint and/or further evidence in support of its Motion for a Preliminary Injunction.

Dated:  March 1, 2018	Respectfully submitted,

BROWNE GEORGE ROSS LLP

Peter Obstler
David S. Wakukawa


By:	*/s/ Peter Obstler*
	Peter Obstler
Attorneys for Plaintiff PRAGER UNIVERSITY

**CERTIFICATE OF SERVICE**

**Prager University v. Google Inc., YouTube, LLC and Does 1-25**
**Case No. 5:17-cv-06064-LHK**

**STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of San Francisco, State of California. My business address is 101 California Street, Suite 1225, San Francisco, CA 94111.

On March 1, 2018, I served true copies of the following document(s) described as

**REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE**

on the interested parties in this action as follows:

| | |
|---|---|
| United States District Court – ND CA<br>Hon. Lucy H. Koh<br>Courtroom 8, 4th Floor<br>280 South First Street<br>San Jose, CA 95113<br><br>CHAMBERS COPIES (by U.S. Mail) | David Kramer and Brian Willen<br>Wilson Sonsini Goodrich & Rosati, P.C.<br>Email: DKramer@wsgr.com<br>Email: bwillen@wsgr.com<br><br>*Counsel for Defendants*<br>*Google LLC and YouTube, LLC* |

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on March 1, 2018, at San Francisco, California.

                                                  */s/ Christine Coopey*
                                                  Christine Coopey