```
 1                    UNITED STATES DISTRICT COURT

 2                   NORTHERN DISTRICT OF CALIFORNIA

 3                         SAN JOSE DIVISION

 4

 5    PRAGER UNIVERSITY,              )   C-17-06064 LHK
                                      )
 6                   PLAINTIFF,       )   SAN JOSE, CALIFORNIA
                                      )
 7             VS.                    )   APRIL 4, 2018
                                      )
 8    GOOGLE LLC, A DELAWARE LIMITED  )   PAGES 1-18
      LIABILITY COMPANY, YOUTUBE,     )
 9    LLC, A DELAWARE LIMITED         )
      LIABILITY COMPANY, AND DOES     )
10    1-25,                           )
                                      )
11                   DEFENDANTS.      )
      _____ )

12

13
                         TRANSCRIPT OF PROCEEDINGS
14                  BEFORE THE HONORABLE LUCY H. KOH
                       UNITED STATES DISTRICT JUDGE
15

16    A P P E A R A N C E S:

17    FOR THE PLAINTIFF:      BROWNE GEORGE ROSS
                              BY:   PETER OBSTLER
18                            101 CALIFORNIA STREET, SUITE 1225
                              SAN FRANCISCO, CALIFORNIA  94111
19

20    FOR THE DEFENDANT:      WILSON, SONSINI, GOODRICH & ROSATI
                              BY:   LAUREN G. WHITE
21                                  DAVID H. KRAMER
                              650 PAGE MILL ROAD
22                            PALO ALTO, CALIFORNIA  94304

23    OFFICIAL COURT REPORTER:    LEE-ANNE SHORTRIDGE, CSR, CRR
                                    CERTIFICATE NUMBER 9595
24

25            PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY
                  TRANSCRIPT PRODUCED WITH COMPUTER
```

```
 1      SAN JOSE, CALIFORNIA                       APRIL 4, 2018
 2                       P R O C E E D I N G S
 3          (COURT CONVENED AT 3:17 P.M.)
 4             THE CLERK:  YOUR HONOR, CALLING CASE 17-CV-06064,
 5    PRAGER UNIVERSITY VERSUS GOOGLE LLC, ET AL.
 6          COUNSEL, PLEASE COME FORWARD AND STATE YOUR APPEARANCES.
 7             MR. OBSTLER:  GOOD MORNING, YOUR HONOR.  EXCUSE ME.
 8    GOOD AFTERNOON, YOUR HONOR.
 9          PETER OBSTLER FOR PRAGER UNIVERSITY.
10             MS. WHITE:  GOOD AFTERNOON, YOUR HONOR.
11          LAUREN WHITE FOR DEFENDANTS GOOGLE AND YOUTUBE.  AND WITH
12    ME AT COUNSEL TABLE IS MY COLLEAGUE, DAVID KRAMER.
13             THE COURT:  ALL RIGHT.  GOOD AFTERNOON AND WELCOME TO
14    EVERYONE.
15          I AM WONDERING WHY YOU NEED TO AMEND THE COMPLAINT,
16    BECAUSE YOU'RE TELLING ME IT'S NOT GOING TO CHANGE MY ORDER ON
17    THE MOTION TO DISMISS, SO THAT TO ME MEANS IT'S NOT REALLY
18    GOING TO BE A MATERIAL CHANGE, AND I DON'T LIKE BEING REVIEWED
19    ON APPEAL FOR AN ORDER THAT DOESN'T EVEN ADDRESS THE OPERATIVE
20    COMPLAINT.  I THINK THAT'S A REALLY ODD POSTURE.
21          SO EITHER YOU'RE GOING TO AMEND, IN WHICH CASE YOU'RE
22    GOING TO SPEND THE MONEY DOING THE SECOND ROUND MTD, WHICH
23    SOUNDS, FROM THE PARTIES, IT SOUNDS LIKE IT WILL NOT BE A
24    REALLY GOOD USE OF RESOURCES; OR I WOULD JUST RECOMMEND, IF YOU
25    WANTED TO ADD THOSE ALLEGATIONS ABOUT THE GOOGLE EMPLOYEE AND
```

| | |
|---|---|
| 1 | WHATNOT, I'VE ALREADY SORT OF TAKEN JUDICIAL NOTICE OF THE FACT |
| 2 | OF THAT COMPLAINT.  I MEAN, I DIDN'T TAKE JUDICIAL NOTICE OF |
| 3 | THE FACTS IN IT -- |
| 4 |     MR. OBSTLER:  YES, BUT THAT WAS -- PARDON ME, YOUR |
| 5 | HONOR. |
| 6 |     THE COURT:  YEAH.  GO AHEAD.  DO YOU SEE MY -- |
| 7 |     MR. OBSTLER:  LET ME -- THERE'S A METHOD -- THERE IS |
| 8 | A METHOD TO MY MADNESS.  YOU MAY NOT AGREE WITH IT, BUT LET ME |
| 9 | JUST TELL YOU. |
| 10 |     THE COURT:  OKAY. |
| 11 |     MR. OBSTLER:  SO WHAT WE WERE TRYING TO PUT IN WAS |
| 12 | NOT THE OPERATIVE FACTS IN THE COMPLAINT, THEY WERE ALL THE |
| 13 | E-MAILS THAT WERE ATTACHED WHICH CONTAIN STATEMENTS FROM GOOGLE |
| 14 | EMPLOYEES TO EACH OTHER ABOUT BLACK LISTING AND DISCRIMINATION |
| 15 | IN THE WORKPLACE. |
| 16 | WHY IS THAT IMPORTANT?  BECAUSE MY CLIENT'S VIDEOS WERE |
| 17 | MANUALLY REVIEWED. |
| 18 | AND THEY CAME BACK ON THEIR OPPOSITION TO MY MOTION -- ON |
| 19 | YOUR MOTION TO DISMISS SAYING WE HAD NO ALLEGATIONS OF |
| 20 | DISCRIMINATION, WHICH I THINK THE CHARTS WOULD DISPARATE |
| 21 | IMPACT, BUT WE ALSO HAD TO SHOW MORE THAN DISPARATE IMPACT IN |
| 22 | THIS CASE.  WE HAD TO SHOW SOME LEVEL OF INTENTIONAL |
| 23 | DISCRIMINATION. |
| 24 | SO WHAT WE WANTED TO GET IN WERE THE ACTUAL STATEMENTS -- |
| 25 |     THE COURT:  BUT YOUR CLIENT -- I'M SORRY TO INTERRUPT |

1  YOU.
2          MR. OBSTLER: SURE, PLEASE.
3          THE COURT: YOU KNOW, I ONLY RULED ON A CLAIM THAT
4  DOES NOT HAVE AN INTENT FOR ANIMUS COMPONENT, SO IT'S GOING TO
5  BE IRRELEVANT TO WHAT'S BEING REVIEWED; RIGHT?
6      I MEAN, IF YOU WANT TO LITIGATE YOUR DISCRIMINATION CLAIM,
7  YOU SHOULD GO TO STATE COURT AND AT THAT POINT AMEND, THEN
8  THOSE ANIMUS OR INTENT E-MAILS WOULD BE RELEVANT.
9      BUT I JUST DON'T THINK THEY'RE GOING TO AFFECT WHETHER
10 THESE DEFENDANTS ARE STATE ACTORS FOR PURPOSES OF A
11 CONSTITUTIONAL, YOU KNOW, VIOLATION.
12         MR. OBSTLER: YEAH.
13         THE COURT: DO YOU SEE WHAT I'M SAYING?
14         MR. OBSTLER: I COMPLETELY AGREE WITH YOU, AND YOU'RE
15 RIGHT ABOUT THAT, AND I APPRECIATE THAT.
16     BUT THERE'S A SECOND ONE.
17         THE COURT: OKAY.
18         MR. OBSTLER: I SUBMITTED A LEAVE -- I SUBMITTED A
19 REQUEST FOR JUDICIAL NOTICE AFTER WE FILED OUR BRIEFS, AND
20 COUNSEL CORRECTLY POINTED OUT THAT IT WAS UNTIMELY.
21     SO I FILED A MOTION FOR LEAVE TO, TO FILE IT LATE, AND I
22 DON'T THINK IT GOT RULED ON. THAT JUDICIAL NOTICE CONTAINS
23 SENATE TESTIMONY BEFORE SENATOR TED CRUZ IN WHICH YOUTUBE WAS
24 ASKED, "ARE YOU A PUBLIC FORUM?"
25     AND YOUTUBE SAID, "YES, SUBJECT TO CERTAIN REGULATIONS."

1    SO THAT IS DEFINITELY RELEVANT TO THE FACTUAL INQUIRY ON
2    THE STATE ACTOR.
3    AND I BELIEVE IT WAS NUMBER -- I THINK I HAVE THE DOCKET
4    HERE. EXCUSE ME.
5    THE COURT: I MEAN, I GUESS I STILL -- I DID HAVE A
6    FOOTNOTE ON THAT.
7    MS. WHITE: YOU DO, YOUR HONOR. IT'S FOOTNOTE 1.
8    THE COURT: I SAID IT DIDN'T CHANGE THE ANALYSIS. I
9    MEAN, WHAT THAT -- I THINK IT WAS, WHAT, A P.R. WOMAN WAS
10   TESTIFYING BEFORE THE SENATE.
11   MR. OBSTLER: CORRECT.
12   THE COURT: AND SHE WASN'T -- SHE WASN'T USING THAT
13   IN THE CONTEXT OF A CONSTITUTIONAL CHALLENGE. I MEAN, SAYING
14   SOMETHING IS A PUBLIC FORUM, LIKE THAT'S A COLLOQUIAL TERM. I
15   DON'T THINK SHE WAS USING IT IN TERMS OF THE CONSTITUTION.
16   MR. OBSTLER: I THINK THAT'S A FACTUAL ISSUE, YOUR
17   HONOR.
18   THE COURT: OKAY. IF YOU -- THEN YOU'RE GOING TO
19   HAVE TO DO ANOTHER ROUND MOTION TO DISMISS BECAUSE I AM NOT
20   GOING TO HAVE MY ORDER REVIEWED ON A NON-OPERATIVE COMPLAINT.
21   MR. OBSTLER: I UNDERSTAND THAT.
22   THE COURT: I THINK THAT'S WRONG.
23   MR. OBSTLER: I UNDERSTAND.
24   I MEAN, THE OTHER THING WE COULD DO IS WE COULD PUT IT
25   IN -- IF WE CAN GET IT INTO THE RECORD, WE COULD DO IT THAT

1    WAY.  BUT --
2           THE COURT:  NO.
3           MR. OBSTLER:  NO?
4           THE COURT:  NO.  OKAY?
5           MR. OBSTLER:  I UNDERSTAND.  YOU'RE RIGHT.  YOU'RE
6    RIGHT.  WE'LL DO IT THE RIGHT WAY.
7           THE COURT:  ALL RIGHT.  WELL, THEN, I GUESS YOU'RE
8    GOING TO AMEND YOUR COMPLAINT BY APRIL 25TH; RIGHT?
9           MR. OBSTLER:  YES, MA'AM.
10          THE COURT:  OKAY.  THEN WE'LL JUST DO A SECOND ROUND
11   MOTION TO DISMISS AND YOUR APPEAL WILL BE FURTHER DELAYED.  I
12   DON'T KNOW WHAT DATES WE'LL BE GIVING OUT BY THE TIME THAT
13   SECOND ROUND MOTION TO DISMISS IS FILED.
14          MR. OBSTLER:  LET ME DO THIS, YOUR HONOR:  LET ME GO
15   BACK AND TALK TO MY CLIENT ABOUT THIS, BECAUSE I UNDERSTAND.
16   IF WE CHANGE OUR MIND, WE'LL CERTAINLY LET YOU KNOW.
17        BUT WE ARE CONCERNED ABOUT GOING UP TO THE NINTH CIRCUIT
18   WITH A FULL RECORD BECAUSE WE THINK THAT IT IS AN EXTREMELY --
19   WE THINK THE STATE ACTOR ANALYSIS IS A FACTUAL INQUIRY.
20        NOW, I UNDERSTAND THAT YOUR HONOR HAS RULED THAT UNLESS
21   WE'RE A COMPANY TOWN --
22          THE COURT:  BUT ANIMUS AND DISCRIMINATION DON'T HAVE
23   ANYTHING TO DO WITH THAT.
24          MR. OBSTLER:  WE AGREE.
25        BUT THE SECOND PORTION OF THE ALLEGATIONS -- YOU'RE SAYING

1      THIS WAS A PUBLIC RELATIONS PERSON.

2              THAT QUESTION WAS ASKED BY --

3              THE COURT:  I JUST FEEL LIKE YOU'RE TRYING TO DO A

4      PUBLIC RELATIONS MOVE.  YOU WANT TO GET THIS STUFF IN MAKING

5      GOOGLE LOOK DISCRIMINATORY ON YOUR APPEAL BECAUSE PERHAPS THIS

6      IS FOR A PUBLIC RELATIONS PURPOSE --

7              MR. OBSTLER:  NO, NO.  I AGREE WITH YOU.

8              THE COURT:  -- AND IT'S NOT UNDERLYING CHANGING WHAT

9      THE ORDER IS THAT'S BEING REVIEWED ON APPEAL.

10         DO YOU SEE WHAT I'M SAYING?  SO IT FEELS LIKE A P.R. MOVE

11     TO ME.

12             MR. OBSTLER:  THE STATEMENTS IN THE HEARING, WHEN

13     THEY ARE ASKED BY SENATOR CRUZ, WHO HAD OUR LAWSUIT, ARE YOU OR

14     ARE YOU NOT PUBLIC FORUMS, I DON'T THINK WAS A STATEMENT BY --

15     WAS A PUBLIC RELATIONS STATEMENT.

16         AND CERTAINLY THE MISSION STATEMENT, WHETHER IT'S A PUBLIC

17     RELATIONS STATEMENT OR NOT, WHEN YOU'RE TELLING PEOPLE --

18     BECAUSE I NOTICED YOUR HONOR'S ORDER SORT OF CHOPPED OFF SOME

19     OF THE STATEMENTS, BUT THERE'S ACTUALLY A COHERENT MISSION

20     STATEMENT WHERE THEY'RE DEDICATED TO FOUR FREEDOMS.

21         SO OUR THEORY IN THIS CASE, YOUR HONOR -- YOU MAY THINK

22     THIS IS A PUBLICITY ISSUE, BUT, I MEAN, WE'VE GOT TO FIGURE OUT

23     WHETHER AND HOW THE INTERNET IS GOING TO GET REGULATED.

24         THIS IS A COMPANY THAT, IN OUR VIEW, OPERATES A PUBLIC

25     FORUM FOR PROFIT, AND CLEARLY YOUR HONOR HAS SAID THAT'S NOT AN

1   ESSENTIAL GOVERNMENT FUNCTION.
2        BUT I WOULD ALSO SUGGEST THAT YOUR HONOR TAKE A LOOK AT A
3   CASE CALLED LEE VERSUS --
4            THE COURT:  YOU KNOW WHAT?  I'M SORRY TO INTERRUPT
5   YOU.
6            MR. OBSTLER:  YEAH.
7            THE COURT:  LET'S JUST DO A SECOND ROUND.  I THINK
8   THAT MAKES THE MOST SENSE.
9            MR. OBSTLER:  OKAY.
10           THE COURT:  PUT IN EVERYTHING YOU WANT.
11           MR. OBSTLER:  OKAY, PERFECT.
12           THE COURT:  LET'S GET A FULL RECORD.
13           MR. OBSTLER:  AGREED.
14           THE COURT:  YOU KNOW, THERE'S NO PROBLEM WITH GOING
15   THROUGH.
16       I'LL JUST TELL YOU, RIGHT NOW WE'RE GIVING OUT DATES AT
17   THE END OF AUGUST.  SO IF YOU AMEND BY APRIL 25TH, THEY FILE A
18   MOTION TO DISMISS, WHAT, 14, 21 DAYS LATER, SO WE'RE TALKING
19   MID-MAY, I WOULD SUSPECT WE'LL PROBABLY BE GIVING OUT DATES IN
20   SEPTEMBER OR OCTOBER BY THAT POINT, JUST SO YOU KNOW.
21       I'M REALLY SORRY, BUT MY CASE LOAD IS REALLY HEAVY.
22           MR. OBSTLER:  I UNDERSTAND.
23           THE COURT:  AS YOU SAW, MY CRIMINAL CALENDAR WENT TO
24   2:18, STARTED AT 9:15 THIS MORNING.
25           MR. OBSTLER:  I UNDERSTAND.

1  THE COURT: SO AS LONG AS YOU'RE AWARE OF THAT,
2  THAT'S FINE WITH ME. LET'S JUST DO A CLEAN, COMPLETE RECORD --
3  MR. OBSTLER: YES.
4  THE COURT: -- AND DO ANOTHER ONE.
5  MR. OBSTLER: OKAY. THANK YOU, YOUR HONOR.
6  THE COURT: LET'S DO THAT.
7  MR. OBSTLER: I'M SORRY. THIS IS AN IMPORTANT ISSUE
8  TO ME. AND SOME PEOPLE MAY THINK -- AND TO MY CLIENT. AND SO
9  WE WANT TO MAKE SURE WE'VE GOT THE RIGHT RECORD ON APPEAL.
10 THE COURT: OH, NO. THAT'S FINE. I JUST THOUGHT
11 THIS WAS A WEIRD MANEUVER, THAT YOU WANTED TO APPEAL AN ORDER
12 AGAINST AN OBSOLETE COMPLAINT. THAT JUST FELT ODD TO ME.
13 MR. OBSTLER: THAT WAS -- YOUR HONOR, THAT WAS
14 REACHED JOINTLY WITH GOOGLE. THIS WASN'T MY IDEA ALONE.
15 WE WERE TRYING TO FIGURE OUT A WAY -- AND YOU CAN CORRECT
16 ME IF I'M WRONG -- WE WERE TRYING TO FIGURE OUT A WAY NOT TO
17 HAVE TO GO THROUGH A SECOND ROUND OF MOTIONS, BECAUSE I DO
18 AGREE THAT YOUR HONOR'S RULING THAT YOU HAVE TO BE A COMPANY
19 TOWN UNDER HUDGENS AND MARSH IS A LEGAL STANDARD ISSUE, AND
20 WE'RE EITHER WRONG OR WE'RE RIGHT ON THAT ISSUE.
21 THE ALLEGATIONS -- I CANNOT ALLEGE THAT GOOGLE IS A
22 COMPANY TOWN THE SAME WAY MARSH WAS A COMPANY TOWN.
23 THE COURT: IT MAY GET THAT WAY, BUT NOT YET.
24 MR. OBSTLER: WELL, BUT HUDGENS -- I WOULD ARGUE THAT
25 HUDGENS -- AND I'M GOING TO ARGUE THIS IN MY SECOND THING, AND

```
 1      I HOPE WE'LL GET A CHANCE FOR ORAL ARGUMENT -- BUT THAT'S NOT
 2   THE STANDARD IN HUDGENS.
 3          HUDGENS IS CLEAR, THE STANDARD IS ABOUT DESIGNATION BY THE
 4   PROPERTY OWNER.  AND IF THE PROPERTY OWNER EXPRESSLY DESIGNATES
 5   THE PROPERTY AS A PUBLIC FORUM, THEN IT CAN BE SUBJECT TO THE
 6   FIRST AMENDMENT.  IT DOESN'T HAVE TO BE A COMPANY TOWN.
 7          AND THAT'S WHAT KATZ WAS SAYING, WHICH IS THAT A
 8   QUINTESSENTIAL GOVERNMENT FUNCTION IS A FUNCTION WHEREBY THE
 9   GOVERNMENT --
10          THE COURT:  YOU'RE GOING TO HAVE TWO ROUNDS OF
11   BRIEFING ON MOTION TO DISMISS; RIGHT?
12          MR. OBSTLER:  UM-HUM.
13          THE COURT:  YOU ALREADY HAD A MOTION, YOU ALREADY HAD
14   A REPLY.  YOU'RE GOING TO DOUBLE THAT.  SO YOU WILL HAVE MORE
15   THAN AMPLE OPPORTUNITY TO MAKE THE ARGUMENTS THAT YOU THINK ARE
16   APPROPRIATE.
17          MR. OBSTLER:  OKAY.  THANK YOU, YOUR HONOR.  THAT'S
18   ALL WE CAN ASK FOR.
19          THE COURT:  ALL RIGHT.  WHICH IS FINE.
20      LET'S GO AHEAD AND SET A CASE SCHEDULE.
21      ALL RIGHT.  SO THE DEADLINE TO FILE A MOTION TO AMEND
22   PLEADINGS, ADD PARTIES, WHAT ABOUT -- WELL, I GUESS YOU'LL
23   AMEND BY APRIL 25TH.
24          MR. OBSTLER:  THAT'S CORRECT.
25          THE COURT:  MOST LIKELY -- WELL, WHAT DATE DO YOU ALL
```

```
 1    WANT FOR THIS DEADLINE?
 2              MR. OBSTLER:  TO FILE -- TO FILE OUR P.I. MOTION AND
 3    TO HAVE THEM FILE THEIR MOTION TO DISMISS?
 4              THE COURT:  WAIT, YOU'RE GOING TO FILE ANOTHER MOTION
 5    FOR PRELIMINARY INJUNCTION IN ADDITION --
 6              MR. OBSTLER:  HOW -- YOU DIDN'T DENY THAT WITH
 7    PREJUDICE.  HOW DO I -- HOW DO I -- HOW DO I GET THAT UP TO
 8    THE --
 9              THE COURT:  WHY -- OKAY.
10              MR. OBSTLER:  IT'S NOT --
11              THE COURT:  I MEAN, YOU CAN GET THIS -- YOU CAN GET
12    THE LAW CHANGED ON THE MOTION TO DISMISS ORDER.  I DON'T SEE
13    WHY YOU ALSO NEED A P.I. AGAIN.
14         DO YOU SEE WHAT I'M SAYING?  I MEAN, I GUESS IF YOU --
15    LOOK, IF YOU WANT TO DO IT THAT WAY, THAT'S FINE.
16         BUT DO YOU UNDERSTAND WHAT I'M SAYING?
17              MR. OBSTLER:  NO, I -- I UNDERSTAND WHAT YOU'RE
18    SAYING.
19              THE COURT:  THE MOTION TO DISMISS ORDER -- IF YOU
20    WANT TO CHANGE THE STATE ACTOR LAW, YOU CAN DO THAT BY
21    APPEALING A MOTION TO DISMISS ORDER, ASSUMING THE SECOND ROUND
22    MOTION TO DISMISS ORDER COMES OUT THE SAME WAY ON THE
23    SUBSTANCE, WHICH I'M NOT GOING TO PRE-JUDGE IT.  I DON'T KNOW.
24         BUT --
25              MR. OBSTLER:  EXACTLY.  BUT SUPPOSING IT DOESN'T AND
```

```
 1         THEN I'VE GOT MY P.I. -- I MEAN, SUPPOSING I JUST GET LUCKY AND
 2    I'M ABLE TO CONVINCE YOUR HONOR THAT HUDGENS IS A DESIGNATION
 3    TEST, NOT A COMPANY, A COMPANY WHATEVER TEST, AND THEN I GUESS
 4    I CAN RENEW THE P.I. AT THAT TIME.  I GUESS THAT WOULD BE A
 5    BETTER WAY TO DO IT MAYBE.
 6              THE COURT:  YEAH.  I MEAN, IF YOU'RE TRYING TO -- YOU
 7    KNOW, YOUR ORIGINAL PROPOSAL WAS LET'S NOT EVEN DO A SECOND
 8    ROUND MTD.
 9         BUT NOW YOU'RE SAYING, "NO, NOW I WANT TO DO A SECOND
10    ROUND MTD AND A SECOND ROUND MOTION FOR PRELIMINARY
11    INJUNCTION" --
12              MR. OBSTLER:  ALL I WANT TO DO --
13              THE COURT:  -- AND THAT'S THE ONE I THINK MAY NOT BE
14    NECESSARY.
15              MR. OBSTLER:  OKAY.
16              THE COURT:  BECAUSE I THINK YOU CAN GET THE LAW
17    REVIEWED AND PERHAPS INTERPRETED ACCORDING TO HOW YOU WANT IT
18    JUST ON THE MOTION TO DISMISS ORDER.
19         CAN WE JUST DO THAT?
20              MR. OBSTLER:  SURE, YOUR HONOR, IF THAT'S YOUR
21    PREFERENCE, YEAH.
22              THE COURT:  OKAY.  ALL RIGHT.  WELL --
23              MR. OBSTLER:  I CAN ALWAYS BRING -- IF SOMETHING WERE
24    TO CHANGE, I CAN ALWAYS THEN RENEW THE P.I. BECAUSE IT'S A
25    FIRST AMENDMENT CASE AND IT WOULD BE OKAY ON OUR IRREPARABLE
```

```
1     HARM.
2          SO IN REALITY, I CAN BRING IT AFTERWARDS, SO THAT'S FINE.
3               THE COURT:  OKAY.  THANK YOU.
4               MR. OBSTLER:  I UNDERSTAND WHAT YOU'RE SAYING.
5          LOOK, YOUR HONOR, I WANT TO BE CLEAR ABOUT TWO THINGS,
6     THOUGH.
7               THE COURT:  YES.
8               MR. OBSTLER:  I CAN ASSURE YOU THAT THIS IS NOT A
9     PUBLICITY LAWSUIT.  I CAN'T TELL YOU HOW MANY CALLS I'VE HAD
10    FROM PEOPLE ON THIS AREA OF THE LAW AND HOW I THINK, AS WE ALL
11    AGREE --
12              THE COURT:  OH, I'M NOT NECESSARILY SAYING THAT YOUR
13    LAWSUIT IS A PUBLICITY LAWSUIT.
14         I JUST THOUGHT -- WHEN I READ THIS CASE MANAGEMENT
15    STATEMENT THAT SAYS, "WE NEED TO AMEND THE COMPLAINT TO ADD
16    THESE FACTS WHICH DON'T IMPACT YOUR RULING AT ALL, AND WE WANT
17    THEN TO APPEAL THAT OBSOLETE RULING TO THE NINTH CIRCUIT," IT
18    DOES MAKE ME WONDER WHETHER ADDING THOSE FACTS, WHICH YOU
19    CONCEDE WILL LIKELY NOT CHANGE THE RULING, IS FOR -- IF NOT
20    PUBLICITY, PERHAPS IT'S JUST MAKING A FULL ANIMUS RECORD TO THE
21    NINTH CIRCUIT AND TO NEWS MEDIA SOURCES.
22         BUT IT'S NOT GOING TO AFFECT ULTIMATE RULINGS.  SO I JUST
23    WONDER, LIKE, WHY ARE WE GOING THROUGH THIS?
24              MR. OBSTLER:  BECAUSE WE --
25              THE COURT:  BUT YOU HAVE A RIGHT TO LITIGATE THE
```

1  MOTION TO DISMISS.  YOU HAVE A RIGHT TO AMEND YOUR COMPLAINT.
2  SO BY ALL MEANS, GO FOR IT.
3          MR. OBSTLER:  YEAH, AND I DON'T WANT TO MAKE MORE
4  WORK FOR THE COURT.
5      THE REASON WE CAME UP WITH THIS JOINT PROPOSAL TO STAND ON
6  THE ORDER WAS BECAUSE BOTH OF US DID NOT WANT TO GO THROUGH
7  THAT PROCESS AND BURDEN THE COURT AGAIN.
8          THE COURT:  YEAH.  BUT THEN YOU'RE SAYING, "BUT I
9  WANT TO BURDEN YOU WITH A P.I., TOO, THAT I'VE ALREADY LOST,
10 AND I KNOW THE LAW IS GOING TO BE THE SAME ON THE MOTION TO
11 DISMISS" --
12         MR. OBSTLER:  ONLY BECAUSE --
13         THE COURT:  -- "BUT I WANT TO DO A P.I. AGAIN."
14     SO ANYWAY --
15         MR. OBSTLER:  I UNDERSTAND, BUT ONLY BECAUSE YOUR
16 HONOR SAID WE HAD TO GO THROUGH THAT PROCESS AGAIN.  SO I
17 THOUGHT IF WE WERE GOING THROUGH THE PROCESS AGAIN --
18         THE COURT:  NO.  I SAID, WHY DO YOU NEED TO AMEND?
19 IT'S ALREADY PART OF THE RECORD.  IT'S IN MY FOOTNOTE.
20         MR. OBSTLER:  WELL, IF YOUR HONOR IS WILLING TO
21 CHANGE HER RULING ON AT LEAST THE SECOND RJN SO I CAN HAVE THE
22 STATEMENTS ABOUT THE PUBLIC --
23         THE COURT:  NO, NO, NO.  YOU'RE GOING TO DO A SECOND
24 ROUND MOTION TO DISMISS --
25         MR. OBSTLER:  OKAY.

1    THE COURT: -- WHICH IS FINE.
2    MR. OBSTLER: FINE. FAIR ENOUGH.
3    THE COURT: NOT A PROBLEM.
4    MR. OBSTLER: OKAY.
5    THE COURT: OKAY. LET'S SET A FURTHER CMC FOR
6 AUGUST 15TH AT 2:00 O'CLOCK, PLEASE. THAT'LL BE BEFORE YOUR
7 HEARING ANYWAY.
8    I'LL SET A CLOSE OF FACT DISCOVERY FOR FEBRUARY 28, 2019.
9    DO YOU NEED ANY EXPERT DISCOVERY ON THIS?
10    MR. OBSTLER: ON WHICH CLAIMS?
11    THE COURT: ANYTHING. WHICH CLAIM? YOU TELL ME.
12 WHICH CLAIMS DO YOU NEED EXPERT DISCOVERY?
13    MR. OBSTLER: IT'S POSSIBLE WE WILL NEED EXPERT
14 DISCOVERY ON THE DISCRIMINATION CLAIMS, AND WE MAY NEED -- ON
15 THE DISPARATE IMPACT CLAIMS. AND WE MAY NEED EXPERT DISCOVERY
16 POTENTIALLY, I THINK IT'S GOING TO BE REALLY MINIMAL, ON THE
17 STATE ACTIONS TO THE EXTENT THAT MARKET SHARE AND THINGS LIKE
18 THAT ARE A FACTOR IN DETERMINING STATE ACTIONS.
19    THE COURT: ALL RIGHT. THAT'S FINE.
20    I'LL SET OPENING EXPERT REPORTS DEADLINE FOR MARCH 28;
21 I'LL SET THE REBUTTAL EXPERT REPORT DEADLINE FOR APRIL 25TH --
22 I'M GIVING YOU A FULL MONTH, I'M USUALLY MUCH MORE STINGY AND
23 ONLY GIVE YOU TWO WEEKS -- CLOSE OF EXPERT DISCOVERY WILL BE
24 MAY 23RD; FILE YOUR DISPOSITIVE MOTIONS -- THERE'S ONLY ONE PER
25 SIDE IN THE WHOLE CASE -- BY JUNE 20TH; THE HEARING ON

```
1     DISPOSITIVE MOTIONS WILL BE AUGUST 1, 2019, AT 1:30; THE FINAL

2     PRETRIAL CONFERENCE WILL BE SEPTEMBER 26TH, 2019, AT 1:30; AND

3     I'LL SET A JURY TRIAL FOR OCTOBER -- WELL, IS THIS A JURY

4     TRIAL?  HAVE YOU DEMANDED A JURY?

5              MR. OBSTLER:  NO, WE HAVEN'T, YOUR HONOR.

6              THE COURT:  OH, SO THIS WILL BE A BENCH TRIAL?

7              MR. OBSTLER:  ACTUALLY, WE'VE DEMANDED A JURY TRIAL

8     ON SOME CLAIMS, BUT I THINK SOME OF THE THINGS ARE GOING TO BE

9     A BENCH TRIAL, AND WE MAY TALK ABOUT BIFURCATING AND GOING JUST

10    WITH A BENCH TRIAL.  WE DID PROTECT OURSELVES WITH A JURY

11    DEMAND.

12         I DON'T KNOW -- HAVE YOU FILED YOUR JURY DEMAND YET?

13             MS. WHITE:  WE HAVE NOT, AND THE TIME FOR US TO DO SO

14    HAS NOT YET PASSED.

15             THE COURT:  ALL RIGHT.  YOU KNOW WHAT?  FOR NOW I'M

16    JUST GOING TO SET IT FOR A JURY TRIAL, OCTOBER 21, 2019.  WHAT

17    ABOUT THREE DAYS?

18             MR. OBSTLER:  THAT'S FINE, YOUR HONOR.

19         I MEAN, HONESTLY, I REALLY DON'T BELIEVE THIS CASE -- I

20    THINK THIS CASE IS ABOUT A LEGAL ISSUE, AND ULTIMATELY WHEN THE

21    RECORD IS BUILT ABOUT WHETHER OR NOT THEY'RE A STATE ACTOR, IF

22    THEY ARE, YOU KNOW -- I MEAN, IF THEY'RE NOT, THEN I'M NOT

23    GOING TO, YOU KNOW -- IF WE LOSE IN THE NINTH CIRCUIT, WE WON'T

24    BE BACK FOR A JURY TRIAL, OBVIOUSLY.

25         IF WE DO WIN, I THINK THE ISSUE CAN GO BY CROSS MOTIONS
```

```
1        FOR SUMMARY JUDGMENT.
2              THE COURT:  OKAY, THAT'S FINE.
3          YOU KNOW, I TRY TO SET TRIAL DATES IN EVERY CASE AND MOST
4        OF THEM DON'T GO TO TRIAL.
5              MR. OBSTLER:  UNDERSTOOD.
6              THE COURT:  IT'S OKAY.  IT'S JUST FOR US TO HAVE A
7        SCHEDULE TO MOVE THINGS ALONG.
8              MR. OBSTLER:  RIGHT.  AND I'M TRYING TO EMPHASIZE TO
9        YOUR HONOR THAT WE'RE TRYING AS EFFICIENTLY AND COOPERATIVELY
10       AS WE CAN TO GET THESE ISSUES RESOLVED.  WE'RE NOT TRYING TO
11       CHURN IT AROUND.  THAT'S ALL.
12             THE COURT:  ALL RIGHT.  WELL, THEN, I WOULD RECOMMEND
13       THAT YOU JUST LITIGATE THE MOTION TO DISMISS AND DON'T FILE A
14       P.I.
15             MR. OBSTLER:  THAT'S WHAT I'M GOING TO DO.
16             THE COURT:  LET'S SEE WHAT THE MOTION TO DISMISS
17       ORDER SAYS, AND IF YOU'RE NOT HAPPY WITH IT, ONE OR BOTH SIDES
18       CAN APPEAL.
19             MR. OBSTLER:  OKAY.  THANK YOU, YOUR HONOR.
20             THE COURT:  ALL RIGHT.  ANYTHING THAT YOU WANTED TO
21       SAY ABOUT THIS CASE SCHEDULE, OR IS IT ACCEPTABLE TO BOTH
22       PARTIES?
23             MR. OBSTLER:  RIGHT NOW IT'S ACCEPTABLE TO
24       PLAINTIFFS, YOUR HONOR.
25             THE COURT:  ALL RIGHT.
```

1                    WHAT ABOUT DEFENDANTS?
2                    MS. WHITE:  IT'S ACCEPTABLE TO DEFENDANTS.
3                    THE COURT:  OKAY.  THEN DID I MISS ANYTHING ELSE THAT
4         WE NEEDED TO COVER TODAY?
5                    MR. OBSTLER:  I DON'T THINK SO, YOUR HONOR.
6                    MS. WHITE:  I DON'T BELIEVE SO.
7                    THE COURT:  NO?  OKAY.  THANK YOU ALL.
8                    MR. OBSTLER:  THANK YOU.
9                    MS. WHITE:  THANK YOU.
10               (THE PROCEEDINGS WERE CONCLUDED AT 3:33 P.M.)
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

CERTIFICATE OF REPORTER

I, THE UNDERSIGNED OFFICIAL COURT REPORTER OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, 280 SOUTH FIRST STREET, SAN JOSE, CALIFORNIA, DO HEREBY CERTIFY:

THAT THE FOREGOING TRANSCRIPT, CERTIFICATE INCLUSIVE, IS A CORRECT TRANSCRIPT FROM THE RECORD OF PROCEEDINGS IN THE ABOVE-ENTITLED MATTER.

_____
LEE-ANNE SHORTRIDGE, CSR, CRR
CERTIFICATE NUMBER 9595

DATED: APRIL 13, 2018